IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clayton Benjamin, Jr., #252521 )<br>                                            )<br>                      Petitioner, )<br>                                            )<br>       v.                               )<br>                                            )<br>Anthony J. Padula, Warden )<br>of Lee Correctional Institution, )<br>                                            )<br>                                            )<br>                      Respondent. )<br>_____) | Civil Action No.8:07-4019-TLW-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Dkt. Entry # 13) and the petitioner's motion for summary judgment (Dkt. Entry # 21.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on December 7, 2007.[1] On May 28, 2008, the respondent moved for summary judgment. By order filed May 30, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 16, 2008, the petitioner filed a response. The petitioner also filed a "Supplemental Motion for Summary Judgment in Opposition to Respondent's Return and Motion for Summary Judgement" on June 30, 2008.

---

[1]There is not a prison mailroom stamp reflecting the date which the prison officials received the envelope containing the petition. Therefore, the date used in this report reflects the date that the envelope containing the petition was postmarked. *See Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court).

## PROCEDURAL FACTS

The petitioner is a state prisoner currently incarcerated in the Lee Correctional Institution. On June 3, 1997, the petitioner was indicted by the State Grand Jury for trafficking in crack cocaine. On October 16, 1997, a first superseding indictment was returned indicting the petitioner for conspiracy to traffick in crack cocaine. A second superseding indictment was returned February 10, 1998, also charging the petitioner with conspiracy to traffick in crack cocaine. In February 1998, the petitioner was tried for the conspiracy charge. The jury was unable to reach a verdict and the court declared a mistrial. The petitioner was tried again on August 24, 1998, before Circuit Court Judge Howard King, Circuit Court Judge. The petitioner was represented by attorneys J. Stephen Schmutz and Kate Schmutz. The petitioner was found guilty and Judge King sentenced him to twenty-five years and imposed a $50,000 fine.

The petitioner timely appealed to the South Carolina Court of Appeals. On January 2, 2001, the Court of Appeals dismissed his appeal. The petitioner appealed and on August 22, 2001, the South Carolina Supreme Court denied his appeal. The remittitur was sent down on August 23, 2001.

On September 10, 2001, the petitioner then filed an application for post-conviction relief ("PCR") raising the following grounds for relief: ineffective assistance of counsel and after-discovered evidence. On September 16, 2002, a hearing was held before Circuit Court Judge Thomas W. Cooper, Jr. The petitioner was represented by attorney John C. Land. On December 4, 2002, Judge Cooper dismissed the application and denied the petitioner PCR.

The petitioner then filed a Rule 59(e) Motion to Alter or Amend the Judgment alleging in the same that he had shown at the hearing that counsel was ineffective and that the

resulting trial did not produce a just result. On March 25, 2003, Judge Cooper issued an Order denying the Rule 59(e) Motion.

The petitioner timely appealed the denial of his PCR application to the South Carolina Supreme Court. Appellate Counsel filed a motion to be relieved as counsel and a *Johnson* petition. The petitioner also filed a pro se brief in response to the *Johnson* petition. On June 9, 2004, the South Carolina Supreme Court denied the petition for a writ of certiorari. The remittitur was sent down on June 25, 2004.

On March 4, 2005, the petitioner filed a "Petition for Writ of Habeas Corpus" in state court in the state circuit court. On June 26, 2006, Judge Cooper dismissed the "Petition for Writ of Habeas Corpus" finding the petition was an improper state writ of habeas corpus because the petitioner raised allegations covered by the South Carolina PCR Act and previously raised in his unsuccessful PCR action. Further, Judge Cooper found that the action was barred by res judicata since it raised issues previously ruled on by the court in the prior PCR action and the action was not properly filed. The petitioner was served with the order on July 23, 2007.

On December 7, 2007, the petitioner filed this habeas action raising the following four grounds for relief:

> **Ground One:** Did the lower court err by admitting into evidence irrelevant and prejudicial testimony against appellant
>
> **Ground Two:** Ineffective assistance of counsel.
>
> **Ground Three:** Perjury and Subordination of perjury.
>
> **Ground Four:** After discovered evidence.

(Pet.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252.

Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions. The undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999). However, a state PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed" and 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005)(*quoting Carey v. Saffold*, 536 U.S. 214, 236 (2002)).

The petitioner was convicted on August 27, 1998. The petitioner filed a timely direct appeal. The petitioner's direct appeal concluded on August 23, 2001, when the South Carolina Court of Appeals issued its remittitur. Because the petitioner's conviction became final after the enactment of the AEDPA, he had one year to file his federal habeas corpus action after his conviction became final unless the period was at any time tolled. *Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000).

On September 10, 2001, the petitioner filed an application for PCR. The filing of this PCR tolled the statute of limitations while it was pending in the state courts. On December

4, 2002, the petitioner's PCR application was denied. The petitioner appealed and on June 9, 2004, the South Carolina Supreme Court denied the petitioner's petition for review and granted counsel's motion to be relieved. The remittitur was sent down June 25, 2004. Therefore, the clock began to run on June 26, 2004.

After 223 days had lapsed, the petitioner then filed a state habeas corpus action on March 4, 2005, in the state Court of Common Pleas. This action was found not to be properly filed and barred by res judicata and it was dismissed on June 26, 2006. The order was served on the petitioner on July 23, 2007. The petitioner then filed this action on December 7, 2007. The undersigned finds that the petitioner's filing of this state habeas corpus petition did not toll the statute of limitations period.

South Carolina law requires that a petition for a writ of habeas corpus be filed with the South Carolina Supreme Court. The availability of habeas corpus was severely limited in South Carolina by the Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-120("UPCPA"). The UPCPA supersedes and encompasses the habeas corpus procedure provided by statute and although habeas relief is still available, but only as a constitutional remedy in extraordinary circumstances. *See Gibson v. State*, 495 S.E.2d 426, 428 (S.C.1998). A petitioner must "qualif[y] for this extraordinary relief and clear the procedural hurdles." *Id.*

In South Carolina, habeas corpus relief is available only when all other remedies are inadequate or unavailable and an issue which is cognizable under the UPCPA "may not be raised by a petition for a writ of habeas corpus before the circuit or other lower courts." *Simpson v. State*, 329 S.C. 43, 495 S.E.2d 429, 431 (S.C.1998). Only the South Carolina Supreme Court has jurisdiction to entertain state petitions for writs of habeas corpus. Because the petitioner filed his petition for the writ in the South Carolina Court of Common Pleas, it was not properly filed under the AEDPA and did not toll the running of the year time

7

period. *Artuz v. Bennett*, 531 U.S. 4 (2000) (stating that an application for state PCR is "properly filed" not merely when it is delivered or accepted by the relevant court, but rather, when it's delivery and acceptance are in compliance with the applicable laws and rules governing filings; a PCR application that does not conform to the state court's rules, but is nonetheless accepted by the clerk is not a properly filed application, but merely a pending application and a pending application does not toll the limitation); *Prescott v. South Carolina*, 2006 WL 2034389 (D.S.C. 2006)(unpublished). Therefore, when the petitioner filed this habeas action on December 7, 2007, the clock had run continuously from June 26, 2004, the date when the petitioner's PCR finally concluded in state court, for a total of 1259 days. Clearly, this petition for habeas is untimely and the respondent should be granted summary judgment as this petition is time barred.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2004). To be entitled to equitable tolling, the petitioner must show that there was an "'extraordinary circumstance,' (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4 Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where -due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the

8

party and gross injustice would result." *Id.* at 330. The petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period and that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the petitioner.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#13) be GRANTED; the Petitioner's Motion for Summary Judgment (#21) be DENIED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                           s/Bruce Howe Hendricks
                                           United States Magistrate Judge

October 10, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).