IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON / GREENWOOD DIVISION

| | | |
|---|---|---|
| Clayton Benjamin, #252521; | ) | C.A. No. 8:07-4019-TLW-BHH |
| | ) | |
| Petitioner; | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Anthony J. Padula; | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brings this action seeking habeas relief pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at Lee Correctional Institution and challenges his conviction in South Carolina state court.

On May 28, 2008, Respondent moved for summary judgment. On June 16, 2008, Petitioner responded in opposition to the motion. On June 30, 2008, Petitioner moved for summary judgment. On October 10, 2008, United States Magistrate Judge Bruce Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), filed a Report and Recommendation ("the Report"). In her Report, Magistrate Judge Hendricks recommends that Respondent's motion for summary judgment be granted. Petitioner filed objections to the Magistrate's report on October 27, 2008.

This Court is charged with reviewing the Magistrate's report and the Petitioner's objections thereto. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.

1

> The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and the objections thereto. The Report recommends dismissal of this action based on failure to comply with the one year statute of limitations provided in 28 U.S.C. § 2244. In particular, the Report finds that the statute of limitations should not be tolled during the time Petitioner's state habeas corpus action was pending, because that action was not "properly filed" under section 2244(d)(2).[1]

The Court has closely looked at this question and has reviewed the record, including the order from Judge Cooper dismissing the Petitioner's state habeas action. Judge Cooper's order finds that Petitioner's habeas action was filed in the wrong court: "this court finds that the Petitioner is barred from bringing a writ for habeas corpus in the circuit court." In Artuz v. Bennett, Justice Scalia provided the following guidance as to the meaning of "properly filed":

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, *the court and office in which it must be lodged*, and the requisite filing fee."

531 U.S. 4, 8.

Petitioner did not file his state habeas action in the proper court. Therefore, under Artuz,

---

[1] Under section 2244(d)(2), the one year statute of limitations is tolled while a properly filed state post conviction or collateral review action is pending.

2

Petitioner failed to satisfy one of the conditions of proper filing. Petitioner's state habeas action was not properly filed and did not toll the statute of limitations.

For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 36), and Plaintiff's claim is dismissed.

**IT IS SO ORDERED.**

    S/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

January 6, 2008
Florence, South Carolina

3